SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5470 PA (PJWx) | Date | September 3, 2008 |
|---|---|---|---|
| Title | Patricia Brueckner Goodwin v. U.S. Life Ins. Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Karen Park | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

     Before this Court is a Notice of Removal filed by defendant The United States Life Insurance Company in the City of New York ("Defendant") on August 20, 2008. Defendant asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

     Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

     The Complaint filed by plaintiff Patricia Brueckner Goodwin ("Plaintiff") alleges that she is a resident of Ventura County, California, but does not state her citizenship. (Complaint, p. 2, ¶ 2.) In its Notice of Removal, Defendant merely alleges that it "is informed and believes, and on that basis alleges, that Plaintiff is a resident of the State of California, and remains a resident and citizen of the State of California as of the date of filing of this Notice of Removal." (Notice of Removal, p. 2, ¶ 3(b).) However, "[a] petition alleging citizenship upon information and belief is insufficient" to establish

**SEND**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5470 PA (PJWx) | Date | September 3, 2008 |
|---|---|---|---|
| Title | Patricia Brueckner Goodwin v. U.S. Life Ins. Co. | | |

diversity.  Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963); see also Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

    Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Defendant has not met its burden to establish this Court's jurisdiction.  See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  Accordingly this Court remands this action to Ventura County Superior Court, Case No. 56-2008-00321612-CU-IC-SIM for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.